IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                        Nos.  06-40153-01-SAC
                                                                     10-4089-SAC

CORNELIUS DYCK-QUIRING a/k/a
Cornelius Dyck a/k/a Benjamin Dyck-
Becker a/k/a Benjamin Dyck,

        Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 27) supported by a memorandum of law (Dk. 28) and an affidavit and affirmation (Dk. 29). The government has filed its response opposing the motion as filed outside the limitations period and as foreclosed by the defendant's waiver in the plea agreement. (Dk. 31). The defendant filed a pleading that was docketed as a reply, but its assertions and requests are difficult to understand and do not address any matters raised in the government's response. (Dk. 34). The case is ready for decision.

**BACKGROUND**

On April 18, 2007, the defendant entered a plea to the charge of possession with intent to distribute methamphetamine. The parties entered into a Rule 11(c)(1)(C) plea agreement proposing that the court impose a sentence of 120 months. At the sentencing hearing on July 25, 2007, the court withdrew that part of the plea agreement calling for a sentence of 120 months without objection from the government. The court sentenced the defendant to 108 months, and the judgment was filed July 31, 2007. (Dk. 26). The defendant did not file a direct appeal from his sentence. Almost three years later, the defendant filed the instant § 2255 motion on July 30, 2010. (Dk. 27).

**LIMITATION PERIOD**

Pursuant to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 imposes a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F .3d 1256, 1259 (10th Cir. 2003). "A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final." *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006); *see* 28 U.S.C. § 2255(f)(1) (The limitation period runs "from ... the date on which the judgment of conviction becomes final."). Because the defendant did not file a direct appeal of his

conviction or sentence, his conviction became "final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). The district court entered judgment on July 31, 2007; therefore, under the version of the Federal Rules of Appellate Procedure in effect prior to the 2009 Amendments, the defendant's judgment became final, ten days later, excluding Saturdays, Sundays, and legal holidays, on August 14, 2007. See Fed. R. App. P. 4(b)(1)(A)(I). Thus, the one-year limitation period for the defendant's § 2255 motion expired August 14, 2008, but he did not file his motion until almost two years later on July 30, 2010.

The one-year statute of limitations is subject to equitable tolling but only "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001)). The Tenth Circuit has observed:

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a

> defective pleading during the statutory period. . . . Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). The burden of proving that equitable tolling should apply rests with the petitioner. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998).

The defendant's reply offers no arguments or circumstances in support of equitable tolling. In his affidavit filed at the same time as his § 2255 motion, the defendant avers that his counsel did not file a notice of appeal as requested and that he "could not read, write, and an inmate at Big Springs Correction Center help me file the foregoing application pursuant to 28 U.S.C. § 2255." (Dk. 29, ¶¶ 2 and 3). The Tenth Circuit in *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007), agreed with other circuits "that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the . . . limitations period." The defendant is not alleging any misconduct on the part of any habeas counsel. His original counsel's failure to file a direct appeal following sentencing is not egregious conduct in light of the defendant's explicit waiver of his right to appeal as set forth in the plea agreement. *See*

4

*United States v. Romero-Cruz*, 245 Fed. Appx. 797, 800-801, 2007 WL 2358691 at *3 (10th Cir. Aug. 20, 2007). As for the allegation that the defendant does not read or write, this is not an extraordinary circumstance that warrants equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) ("Illiteracy alone does not merit equitable tolling." (citing and quoting *Smith v. Suthers*, 18 Fed. Appx. 727, 728-29 (10th Cir. 2001), *cert. denied*, 535 U.S. 1061 (2002))). Nor is there any allegation or proof that the defendant diligently pursued his claim before the limitation period expired. *Id*. at 930. There is nothing offered from which to infer that the defendant made any attempt to pursue a claim during the limitations period. The defendant's proffered circumstances on their face do not warrant equitable tolling.

IT IS THEREFORE ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 27) is denied as untimely.

Dated this 2nd day of December, 2010, Topeka, Kansas.


    s/ Sam A. Crow
    Sam A. Crow, U.S. District Senior Judge