IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    Nos.  06-40153-01-SAC
                                                   10-4089-SAC

CORNELIUS DYCK-QUIRING a/k/a
Cornelius Dyck a/k/a Benjamin Dyck-Becker
a/k/a Benjamin Dyck,

        Defendant.

MEMORANDUM AND ORDER

        This case comes before the court on the defendant's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) filed December 20, 2010. (Dk. 36). In its order filed December 2, 2010, the court denied the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 27) as untimely. (Dk. 35). The defendant asserts the court entered its order without the defendant's reply and asks now for the opportunity to file a reply to the issues raised in the government's response. The defendant argues the court could base a finding of equitable tolling on the evidence that the defendant did not receive until August 15, 2009, his counsel's letter dated February 9, 2009. Finally, the defendant repeats his position that his

trial counsel failed to file a notice of appeal and that this claim alone entitles him to an evidentiary hearing. The defendant avers that he asked trial counsel to file a notice of appeal and did not learn until August 15, 2009, that his counsel had filed no appeal.

As the defendant's motion to reconsider was filed within 28 days of the court's prior order and the motion fails to argue any of the extraordinary grounds or exceptional circumstances for relief under Fed. R. Civ. P. 60(b), the court treats it as a motion seeking relief under Fed. R. Civ. P. 59(e).[1] To prevail on the motion, the defendant must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *United States v. Zamora-Solorzano*, 387 Fed. Appx. 848 (10th Cir. 2010) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

The defendant's motion misstates the record. On September 20, 2010, the government filed its response to the defendant's § 2255 motion. (Dk. 31). The government contended the defendant's motion was

---

[1] Treating the defendant's motion as filed under Rule 59 is principally for the defendant's benefit, as the court's analysis would not be materially different under Rule 60(b). Neither provision offers the defendant any relief on the arguments he advances.

barred as untimely and foreclosed by the express waiver in the plea agreement. A week later, the defendant filed a motion for leave to file a reply. (Dk. 32). This pleading stated that the defendant had "filed herewith the memorandum of law replying to the Government's responsive pleading." (Dk. 32). Because there was no memorandum of law filed with the defendant's motion for leave, the court entered a minute order giving the defendant until October 25, 2010 to filed any reply. (Dk. 33). Received and filed on October 25, 2010, was a pleading with this case number that was entitled "Reference or Memorandum for the Supplement." (Dk. 34). The court treated this pleading as the defendant's reply, even though "its assertions and requests are difficult to understand and do not address any matters raised in the government's response." (Dk. 35). The court received no further filings from the defendant before the memorandum and order was filed December 2, 2010. The record establishes that the court granted the defendant an extension of time to file a reply and that the defendant filed one by the deadline set by the court. The defendant was provided a full and fair opportunity to respond to the government's response. The defendant's position is not a viable argument for reconsideration.

3

The defendant points to the letter from his trial counsel received on August 15, 2009, as preserving an arguable basis for equitable tolling. The defendant did not make this argument in his original briefing. A court is not to entertain arguments that could have been raised in the original filings. *Servants of Paraclete v. Does*, 204 F.3d at 1012. Even so, the court did address this circumstance in general: "His original counsel's failure to file a direct appeal following sentencing is not egregious conduct in light of the defendant's explicit waiver of his right to appeal as set forth in the plea agreement. *See United States v. Romero-Cruz*, 245 Fed. Appx. 797, 800-801, 2007 WL 2358691 at *3 (10th Cir. Aug. 20, 2007)." (Dk. 35, pp. 4-5). Moreover, any delay in the defendant's receipt of his counsel's letter is not any extraordinary circumstance to justify equitable tolling. Nor does this circumstance support or explain any claim that the defendant diligently pursued his § 2255 claim. Indeed, defense counsel's letter is written as a response to the defendant's request for court records to pursue post-conviction relief. There is nothing in the letter to suggest that counsel was writing to address any misapprehension on the defendant's part that a direct appeal was still pending.

It is not appropriate for this court to revisit the defendant's

argument that his trial counsel failed to file a notice of appeal at his request. *Servants of Paraclete v. Does*, 204 F.3d at 1012. Revisiting the argument would not change the result. The equitable tolling of the statutory deadline for § 2255 actions is limited to "extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (internal quotation marks and citation omitted). Trial counsel's failure to file a notice of direct appeal, in light of the appellate waiver in the plea agreement, is not egregious misconduct to justify equitable tolling. *United States v. Romero-Cruz*, 245 Fed. Appx. 797, 800-801, 2007 WL 2358691 at *3 (10th Cir. Aug. 20, 2007) (citing *Fleming v. Evans*, 481 F.3d 1249 (10th Cir. 2007)). The defendant's motion fails to show the court misapprehended the facts, his position, or the controlling law.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Dk. 36) is denied.

Dated this 30th day of December, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge